# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA NAIR, | ) | No. 17 CV 50266 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| v. | ) | |
| | ) | |
| WINNING WHEELS, INC., ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 20003 *et seq.* (Title VII), the Family and Medical Leave Act 29 U.S.C. § 2601 *et seq.* (FMLA), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* relating to her discharge from employment in June 2015. Before the Court are defendants Kathy Morgan-Dodge's, Amie Topp's, and Tracy Styles's motion to dismiss and motion to strike. Dkts. 26, 27. For the following reasons, the motion to dismiss (Dkt. 27) is granted as to the Title VII and ADA claims and denied as to the FMLA claims; the Title VII and ADA claims are dismissed with prejudice as against defendants Morgan-Dodge, Styles, and Topp, but remain pending against defendant Winning Wheels, while the FMLA claims remain pending against all defendants. Defendants' motion to strike (Dkt. 26) is denied. Defendants shall answer the remaining claims against them by 3/15/2019. The telephonic status hearing previously set for 2/26/2019 is stricken and reset for 3/28/2019 at 9:00 AM. By 3/26/2019, counsel shall provide direct dial telephone numbers to the Court's operations specialist, who will initiate the call.

## BACKGROUND

Plaintiff Belinda Nair brings this action against her previous employer Winning Wheels, Inc. (WW) and its following employees: former Director of Nursing Kathy Morgan-Dodge, Human Resources Director Amie Topp, and current Director of Nursing Tracy Styles. The following allegations are drawn from plaintiff's Second Amended Complaint.

Nair became a licensed practical nurse (LPN) in 2006. Dkt. 24 at ¶ 13. WW hired Nair as a part-time nurse while she was pregnant with her fourth child in July of 2014. Nair gave birth to her son in October 2014, subsequently accepted a full-time position with WW, and returned to work there on November 30, 2014. *Id.* at ¶¶ 14, 21, 23. Working as an LPN at WW, Nair was responsible for caring for patients, applying physicians' orders, and administering medications during certain specified time periods. *Id.* at ¶ 24. Nair diligently followed all procedures while working for WW with one exception which she admitted to and corrected once it was brought to her attention. *Id.* at ¶ 33. In December 2014, WW became aware that Nair's live-in boyfriend

was allegedly a drug user and subsequently required plaintiff to undergo a drug test with each paycheck. *Id.* ¶ 36. Nair passed each test and denied drug use. *Id.* at ¶ 37.

Later, Nair became pregnant again, prompting her to meet with Styles twice in May 2015 to discuss possible maternity leave and benefits. Dkt. 24 at ¶¶ 40–42. After the first meeting on May 14, 2015, Styles told Nair that she would speak with Topp about possible maternity leave. At the second meeting approximately a week later, Styles informed Nair that to be eligible for such benefits, she had to accumulate 1,250 hours worked as a full-time employee within the calendar year and that Nair's one-year work anniversary was November 30, 2015. *Id.* Nair began taking additional shifts and overtime to meet these requirements. *Id.* at ¶ 43. At a meeting on June 2, 2015, Styles, Morgan-Dodge, and Topp confronted Nair for allegedly failing to administer pills to patients and keeping the pills in a separate plastic cup, and Nair denied the accusations. *Id.* at ¶¶ 46–51. Morgan-Dodge yelled at Nair and demanded that she sign an incident report form to admit her fault. Nair complied while visibly distressed, and she was subsequently discharged. *Id.* ¶ 42.

Plaintiff was aware that Styles, Morgan-Dodge, and Topps would normally investigate each incident of missing medications. However, in Nair's case, there was no investigation and defendants did not follow standard procedure. Nair alleges that despite doing so in all other similar incidents, in her case the defendants never established a chain of custody for the missing medications, did not check on the patients who supposedly never received their medications, did not suspend her while they investigated the issue, and generally have never produced evidence tying her to the missing medication. Dkt. 24 at ¶ 54.

Nair alleges she would have been eligible for FMLA leave by November 30, 2015 had she not been discharged and that, upon information and belief, the individual defendants intentionally and maliciously colluded to fabricate the reasons for her discharge and knowingly, intentionally, and maliciously violated her rights under the ADA, Title VII, and the FMLA. Specifically, relevant for the purposes of this Order, she alleges three counts against the individual defendants: (1) discrimination based on her pregnancy status in violation of Title VII; (2) retaliation, interference, and denial of rights in violation of the FMLA; and (3) discrimination and retaliation in violation of the ADA.

## ANALYSIS

**I. Motion to Dismiss**

A complaint must contain a short plain statement of the claim that shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When deciding a motion to dismiss under Rule 12(b)(6), a court draws all reasonable inferences in favor of the plaintiff and accepts all well-plead allegations in the complaint as true. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 603 (7th Cir. 2011). However, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550

U.S. at 556). Detailed factual allegations are not required, however a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 555. These requirements are meant to put defendants on notice of the alleged claims and the bases of those claims. *Twombly*, 550 U.S. at 556. Finally, the complaint must be read and taken as a whole. *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

Defendants Morgan-Dodge, Topp, and Styles seek dismissal of all claims against them. Defendants claim that the Second Amended Complaint states only legal conclusions and "contains no allegations whatsoever of any specific discriminatory conduct by these Defendants as individuals." Dkt. 27 at 1. The motion to dismiss briefly describes what defendants argue are a few of these conclusory statements and repeatedly emphasizes that there are no allegations of specific discriminatory conduct against the individual defendants.

### *a. ADA and Title VII Claims*

The individual defendants seek dismissal of claims under the ADA and Title VII plaintiff has alleged against them. In response, Nair acknowledges that in cases such as *EEOC v. AIC Sec. Investigations*, the Seventh Circuit held that plaintiffs may not sue individual defendants under either Title VII or the ADA. 55 F.3d 1276, 1282 (7th Cir. 1995). Because claims under the ADA and Title VII cannot be brought against individual employees, defendants Morgan-Dodge's, Topp's, and Styles's motion to dismiss the ADA and Title VII claims against them individually is granted with prejudice.

### *b. FMLA Claims*

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under" the FMLA. 29 U.S.C. § 2615(a)(1). The FMLA also prohibits employers from discriminating against employees for attempting to exercise the rights afforded by the statute. 29 U.S.C. § 2615(a)(2).

As a preliminary matter, unlike ADA and Title VII claims, FMLA claims may be brought against individuals. *See Eppinger v. Caterpillar, Inc.*, 682 F. App'x 479, 481 (7th Cir. 2017) ("[t]he FMLA's definition of 'employer' is broader than that of Title VII and encompasses some individual liability."); *Wicik v. Cty. of Cook*, No. 17 CV 6856, 2018 U.S. Dist. LEXIS 48067, at *19 (N.D. Ill. Mar. 23, 2018); *Aberman v. Bd. of Educ. of Chi.*, No. 12 CV 10181, 2014 U.S. Dist. LEXIS 138641, at *13–15 (N.D. Ill. Sept. 30, 2014). "A plaintiff may assert FMLA claims against an individual who had supervisory authority over the plaintiff, and is at least partly responsible for the alleged violation." *Baier v. Rohr-Mont Motors, Inc.*, No. 12 CV 8234, 2014 U.S. Dist. LEXIS 160958, at *25 (N.D. Ill. Nov. 17, 2014). Defendants offer no contrary authority.

Count II of the Second Amended Complaint contains retaliation, interference, and denial claims under the FMLA. Defendants seek dismissal of all of plaintiff's FMLA claims because the relevant allegations in the complaint are either conclusory or do not otherwise contain specific statements of individual misconduct against any individual defendant. Defendants did

3

not provide any authority to support their argument.[1] In her response brief, Nair argues that even if the Title VII and ADA claims are dismissed, she may still bring the FMLA claims against all the individual defendants.

### 1. FMLA Interference, Denial Claims

Count II of plaintiff's complaint alleges interference, denial, and retaliation in violation of the FMLA. To prevail on a claim under the FMLA, the plaintiff must show (1) she was an eligible employee under the FMLA, (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of intent to take FMLA leave; and (5) defendants denied her benefits under the FMLA she was entitled to. *Pagel v. TIN, Inc.*, 695 F.3d 622, 627 (7th Cir. 2012); *Jones v. Metro. Water Reclamation Dist. of Greater Chi.*, No. 17 CV 5879, 2018 U.S. Dist. LEXIS 134708, at *9 (N.D. Ill. Aug. 9, 2018); *see also Eiler v. Innophos Inc.*, No. 9 CV 3266, 2010 U.S. Dist. LEXIS 12380, at *2–3 (N.D. Ill. Feb. 12, 2010); *Reynolds v. Inter-Industry Conf. on Auto Collision Repair*, 594 F. Supp. 2d 925, 930 (N.D. Ill. 2009). To survive a motion to dismiss, the plaintiff need only allege enough facts that, if assumed true, plausibly raise plaintiff's right to relief under the FMLA above the speculative level. *See Iqbal*, 556 U.S. at 697; *Twombly*, 550 U.S. at 555.

Defendants' arguments for dismissal seem only to relate to the final element of the interference claim, or that Nair has failed to allege specifically how each defendant denied Nair her FMLA benefits. They argue that ¶¶ 52–54, 62–63 of the complaint do not allege specific conduct by any of the individual defendants concerning their parts in the discharge and instead conclusively state that the defendants acted collectively to deprive Nair of her FMLA rights. Dkt. 27. However, to survive a motion to dismiss, the complaint need not allege facts with specificity; instead, the standard requires only that the allegations in the complaint and all reasonable inferences drawn from those allegations plausibly show the plaintiff is entitled to relief. This Court must accept allegations in the complaint and the reasonable inferences drawn therefrom as true and cannot view each individual paragraph in a vacuum. The complaint, when properly read as a whole, Atkins, 631 F.3d at 832, adequately alleges FMLA claims against the individual defendants.

Nair alleges that when she began showing signs of pregnancy and approximately two weeks before she was terminated on May 14, 2015, she met with Styles in her office to ask if she was eligible for maternity leave and other benefits. Styles needed to ask Topp about the requirements, so a week later after meeting with Topp, Styles informed Nair of the eligibility requirements: she needed to work 1,250 hours before her one-year anniversary on November 30, 2015. Dkt. 24 at ¶¶ 38–42. On the night of May 30–31, 2015, Nair was working the night shift at WW and correctly administered all medications to the proper patients. *Id.* at ¶ 44. When she returned to her next day of work on June 2, 2015, Nair was confronted by Morgan-Dodge and brought to her office. Styles and Topp were present in the office. *Id.* at ¶¶ 46–48. There, Morgan-Dodge accused Nair of not correctly administering pills to patients on the night of May 30–31; Topps and Styles remained silent. After Morgan-Dodge yelled at Nair while questioning her,

---

[1] Although a reply brief was permitted, none was filed. Dkts. 25–30.

Nair maintained her innocence, but felt compelled to and did eventually sign the incident report form proffered by Morgan-Dodge, who then terminated Nair. *Id*. at ¶¶ 49–52.

Nair further alleges that she later discovered that Morgan-Dodge, Topp, and Styles would investigate all incidents of missing or unaccounted for medications but apparently did not follow standard investigational procedures; for instance, they never established a chain of custody for the missing medications or checked the status or well-being of the patients who supposedly had not received their medications. Dkt. 24 at ¶ 54. Nair alleges that Morgan-Dodge, Topp, and Styles intentionally and maliciously colluded with each other to fabricate the reason for her discharge ¶ 62–63. Taken together, Nair claims that Morgan-Dodge, Topp, and Styles interfered with and denied plaintiff her FMLA benefits by firing her before she used her FMLA leave.

Drawing all reasonable inferences in plaintiff's favor and assuming all well-plead allegations as true, Nair, an otherwise competent employee with almost no negative work-related history, was fired a mere two weeks after inquiring about possible maternity leave for mishandling medications even though she did not mishandle medications. Styles spoke to Topp regarding Nair's expected FMLA leave, and both were in the room when Morgan-Dodge accused Nair of mishandling medications and ultimately fired her. Morgan-Dodge pressured Nair to sign an incident report form to admit fault before firing her. Although Topp and Styles were silent during that meeting, all three defendants knew of Nair's pregnancy status and earlier inquiries regarding leave and regularly conduct investigations with the same procedures whenever an employee is suspected of mishandling medications. However, the three defendants did not conduct a proper investigation into the medication mishandling accusations levied against Nair and all were present when Nair was terminated. Based on these allegations and assuming they are true, the Court finds that it is reasonable to infer that the three defendants falsely suggested Nair mishandled medications to justify terminating Nair to avoid the eventuality of Nair's maternity leave. These allegations are sufficient to raise plaintiff's right to relief against each defendant above the speculative level and therefore defendants' motion to dismiss the FMLA interference and denial claims is denied. *Twombly*, 550 U.S. at 555; *see also Deka v. Countryside Ass'n for Disabilities, Inc.*, 140 F. Supp. 698, 707 (N.D. Ill. 2015).

### 2. FMLA Retaliation Claims

To prevail on a retaliation theory under the FMLA, the plaintiff must show (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the retaliatory event. *Malin v. Hospira, Inc.*, 762 F.3d 552, 562 (7th Cir. 2014). A plaintiff may show this causal connection via "circumstantial evidence of retaliatory intent." *Carter v. Chi. State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015). As previously stated, the plaintiff must only allege facts that plausibly show she is entitled to relief under the FMLA beyond a speculative level to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 697; *Twombly*, 550 U.S. at 555.

Again, defendants argue simply that Nair does not allege any specific act taken by any of the individual defendants beyond conclusory statements of liability and therefore the claims should be dismissed. However as discussed above, Nair has adequately alleged conduct of the

three named defendants as they relate to the interference claim, and for similar reasons the motion to dismiss the retaliation claim under the FMLA fails.

Nair alleges she inquired with Styles as to possible maternity leave and benefits under the FMLA. Inquiring as to possible FMLA leave to begin at a time when the plaintiff would be eligible under the FMLA is a protected activity and thus plaintiff's allegations satisfy the first element of an FMLA retaliation claim for 12(b)(6) purposes. 29 U.S.C. § 2615(a)(1)–(2); *Jones*, 2018 U.S. Dist. LEXIS 5879 at *11; *Reynolds*, 594 F. Supp. 2d at 930. Nair also alleges that defendants fired her in response to her request for leave, thus causing her to lose any leave benefits under the FMLA. Termination is a materially adverse employment action; therefore, Nair has adequately plead the second element of a retaliation claim. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 782 (7th Cir. 2013); *Freelain v. Village of Oak Park*, No. 13 CV 3682, 2014 U.S. Dist. LEXIS 5268, at *15–16 (N.D. Ill. Jan. 15, 2014).

Finally, Nair alleges that two weeks after she inquired as to FMLA maternity leave with Styles, she was terminated by Morgan-Dodge for allegedly mishandling medications. Plaintiff also alleges she accurately administered all medications for which she was responsible and that Morgan-Dodge, Topp, and Styles did not investigate the missing medication issue as they regularly would; instead, they terminated her two days after the alleged mishandling occurred. Reading all well-plead allegations as true, the suspicious timing of plaintiff's termination relative to her inquiries regarding maternity leave and historically adequate job performance with WW, the allegation that the three defendants did not investigate the missing medication as they always had with medication incidents involving other employees, and the defendants' pressure on Nair to sign the incident report admitting her fault adequately alleges a plausible causal connection between her request for leave and her termination. Therefore, Nair has properly plead enough facts to bring the prospect of a causal connection for an FMLA retaliation claim above the speculative level. *See Gracia v. Sigmatron Int'l, Inc.*, 842 F.3d 1010, 1021 (7th Cir. 2016); *Cardena v. First Midwest Bank*, 114 F. Supp. 3d 585, 595–96 (N.D. Ill. 2015); *Deka*, 140 F. Supp 3d at 708; *Freelain*, 2014 U.S. Dist. LEXIS 5268, at *15–17; *see also Carter*, 778 F.3d 657. The allegations in the Second Amended Complaint are sufficient to put the individual defendants on notice of the bases of the FMLA retaliation claims alleged against them. *Twombly*, 550 U.S. at 556.

Therefore, defendants' motion to dismiss is granted as to the ADA and Title VII claims and denied as to the FMLA claims. The Court will now address defendants' motion to strike.

## II. Motion to Strike

Defendants ask the Court to strike the Second Amended Complaint in its entirety or, alternatively, strike 18 paragraphs they identify in the complaint. In support, defendants state that "[n]early every paragraph of the Second Amended Complaint contains irrelevant, immaterial and inflammatory statements which have nothing to do with any of Plaintiff's alleged claims against Defendants." Dkt. 26 at ¶ 2.

A motion made pursuant to Fed. R. Civ. P. 12(f) "is appropriate to remove immaterial or scandalous matter from the pleadings. See Fed. R. Civ. P. 12(f). The standard is high, and

motions under 12(f) are "disfavored because they potentially serve only to delay." *FDIC v. Giannoulias*, No. 12 C. 1665, 918 F. Supp. 2d 768, 2013 U.S. Dist. LEXIS 6648, 2013 WL 170003, at *2 (N.D. Ill. Jan. 16, 2013) (quotation marks omitted). A movant must show that (1) the specific allegations are wholly unrelated to the claims alleged, and (2) that the allegations are unduly prejudicial. *VitalGo, Inc. v. Kreg Theraputics, Inc.*, No. 16 CV 5577, 2017 U.S. Dist. LEXIS 210362, at *7 (N.D. Ill. Dec. 21, 2017); *Holmes v. Hous. Auth. of Joliet*, No. 14 CV 3132, 2015 U.S. Dist. LEXIS 51346, at *7 (N.D Ill. Apr. 20, 2015). A court has "considerable discretion" in striking allegations under Rule 12(f). *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

To begin, many paragraphs defendants request to be struck from the complaint are relevant to the alleged claims. For instance, allegations concerning Nair's mental state, reaction to her discharge, the loss of her home because of the discharge, her suffering and alleged labor complications due to the discharge, and defendants' alleged malice are relevant to possible compensatory damages generally or punitive damages relating to the Title VII claims remaining against WW. *See, e.g.*, *Gracia*, 842 F.3d at 1021, 1025 (plaintiff may show intentional discrimination via circumstantial evidence; plaintiff required to prove malice or reckless indifference to federally protected rights to recover punitive damages under Title VII). Therefore, defendants' motion to strike is denied as to those paragraphs, ¶¶ 7, 51–52, 57–59, 60, and 63–64.

Next, other allegations are relevant to the remaining FMLA claims levied against the defendants. The allegations regarding plaintiff's past job performance, work history, Nair's previous one-time mistake in distributing medications at WW, Nair's history of and reasons for drug testing while working for WW, and Nair's quality as an employee are relevant to whether plaintiff was discharged for a nondiscriminatory reason. *See, e.g.*, *King v. Preferred Tech. Group*, 166 F.3d 887, 893–94 (7th Cir. 1999). Defendants' motion to strike is also denied as to ¶ 13, 33, 36, 37 and the work history related allegations in ¶ 2.

Finally, the remaining allegations defendants take issue with relate to Nair's children, pregnancies, doctor recommendations, childbirth, and status as head of household. *See* Dkt. 26. Even assuming these allegations are irrelevant, defendants offer no authority or argument as to why they are unduly prejudiced by these allegations. Because they offer no argument on the point aside from summarily concluding that the complaint "contains irrelevant, immaterial and inflammatory statements," *id*., any arguments they could have made as to the unduly prejudicial nature of the allegations is forfeited. *Alioto v. Town of Lisbon*, 651 F.3d 715, 718, 721 (7th Cir. 2011). Therefore, defendants have set out no basis for striking ¶¶ 2, 14, 21, 22, and 38. *See Holmes*, 2015 U.S. Dist. LEXIS 51346, at *7; *Pain Prevention Lab, Inc. v. Electronic Waveform Labs, Inc.*, 657 F. Supp 1486, 1491 (N.D. Ill. 1987); *see also Alvarez v. High Temp Inc.*, No. 3 CV 2610, 2004 U.S. Dist. LEXIS 4755, at *24 (N.D. Ill. Mar. 23, 2004). Defendants' motion to strike is denied.

## **CONCLUSION**

Defendants' motion to dismiss (Dkt. 27) is granted as to the Title VII and ADA claims and denied as to the FMLA claims; the Title VII and ADA claims are dismissed with prejudice as against defendants Morgan-Dodge, Styles, and Topp, but remain pending against defendant Winning Wheels, while the FMLA claims remain pending against all defendants. Defendants'

7

motion to strike (Dkt. 26) is denied. The defendants shall answer the remaining claims against them by 3/15/2019. The telephonic status hearing previously set for 2/26/2019 is stricken and reset for 3/28/2019 at 9:00 AM. By 3/26/2019, counsel shall provide direct dial telephone numbers to the Court's operations specialist, who will initiate the call.

Dated: February 21, 2019   By: _____
Iain D. Johnston
United States Magistrate Judge